STATE OF MISSOURI, Appellant, *vs.* THOS. A. SMITH, Respondent.

1. *Practice, criminal—Indictment—Murder in the first degree—Verdict for a lesser degree—New trial—Effect of.*—An indictment for murder in the first degree, followed by a verdict for a lesser degree, followed by the granting of a motion for a new trial, operates as an acquittal to the defendant of the charge of murder in the first degree ; yet he can be tried again, as well for the same offense, as for any of the minor offenses which are embraced in an indictment for murder in the first degree. [State v. Ross, 29 Mo., 39, affirmed.] The line of defense, which the prisoner may design to pursue at a subsequent trial, does not affect the question.

*Appeal from Boone Circuit Court.*

*H. Clay Ewing, Attorney General,* for Appellant.

I. Upon an indictment for murder in the first degree, and a conviction under such indictment for murder in the second degree, upon a new trial granted upon the motion of defendant, he cannot be again tried for murder in the first degree, but may be for murder in the second degree or for any degree of manslaughter. (State vs. Ross, 29 Mo., 39.)

(*a.*) Conviction for murder in the second degree is, by necessary implication, acquittal for murder in the first degree. (State vs. Ball, 28 Mo., 327; Jones vs. State, 13 Tex., 184; 1 Bish. Crim. Law, § 676.)

(*b.*) It would have been, upon the motion of defendant granting him a new trial in this case, competent to put him upon his trial for any offense, less than murder in the first degree, included in the indictment. (Lithgow v. The Comm., 2 Va. Cases, 311 ; State v. Kittle, 2 Tyler, 471 ; Campbell vs. State, 9 Yerg., 335 ; People vs. Gilmore, 4 Cal., 476 ; Esmon vs. State, 1 Swan., 14 ; Hunt vs. State, 25 Miss., 381 ; Brennan vs. The People, 15 Ill., 517.)

II. Upon a trial of a person indicted for an offense, consisting of different grades, the court may, by suitable instructions, if the evidence warrants it, direct the jury that the case belongs to one of the special grades, and they must find their verdict accordingly. (State vs. Jockel, 44 Mo., 234; State vs. Shoenwald, 31 Mo., 147; State vs. Starr, 38 Mo., 270.)

*Guitar & Pierce*, for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

Smith was indicted in the Boone Circuit Court for murder in the first degree; a trial had, resulting in a verdict for murder in the second degree, and judgment accordingly; but on his motion for a new trial, the verdict was set aside. At a subsequent term, he filed his motion to "dismiss the indictment,"—assigning as grounds:

1st. That, having been put on trial for murder in the first degree, and the jury having found him guilty of that offense in the second degree, and that verdict having been, on motion of defendant, set aside, and a new trial granted, he could not be put on trial for murder in the first degree.

2d. That, as defendant's defense was founded only on the insanity of defendant, if found guilty he could be convicted alone of murder in the first degree. This motion was sustained, and the cause dismissed, and the State excepted, and, after filing an unsuccessful motion to set aside the order of dismissal, again excepted, and brings the case here by appeal.

Treating the action of the court as tantamount to a discharge of the accused, which, it will be presumed, in the absence of anything in the record to the contrary, immediately followed, we will examine into the correctness of that action. And the law in this State is so well settled, that an examination in this regard would seem scarcely necessary. In the case of the State vs. Ross, 29 Mo., 39, the leading decision on the subject, it was held, that where a defendant was tried on an indictment for murder in the first degree, and found guilty of a lesser grade of homicide, and a new trial on his application granted, the verdict of the jury in the new trial was, by operation of law, an acquittal of murder in the first degree, yet that the prisoner might well be tried again, as well for the particular offense of which he had been found guilty, as for any of the minor offenses, which under our code of criminal procedure are embraced in an indictment for murder in the first degree. And that case (notwithstanding the very able dissenting opinion

of Judge Scott, who held that when a party indicted for murder was found guilty of an inferior grade of that crime, and obtained a new trial, that thereby the whole matter was opened for re-examination, regardless of any anterior proceedings had,) in all subsequent adjudications of the point in hand has been barely referred to as an unquestioned settlement of the rule of law in that respect.

· It follows that the court should have promptly overruled the motion of defendant, as very clearly he was not entitled to a discharge, no matter what might have been the line of defense he designed pursuing at a subsequent trial. For this reason the judgment will be reversed, and the cause remanded.

Judge Adams absent; the other judges concur.